No. 05-201

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 286N

DOUGLAS J. STERRETT,

      Plaintiff and Appellant,

  v.

TILLEMAN MOTOR COMPANY,

      Defendant and Respondent.

APPEAL FROM:    The District Court of the Twelfth Judicial District,
                    In and For the County of Hill, Cause No. DV 2003-185,
                    Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robert J. Emmons, Attorney at Law, Great Falls, Montana

      For Respondent:

          Todd A. Hammer, Hammer, Hewitt, Sandler & Jacobs, PLLC
          Kalispell, Montana

Submitted on Briefs:  October 25, 2005

Decided:  November 15, 2005

Filed:

_____
                    Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Douglas J. Sterrett (Sterrett) appeals from the Order of the District Court of the Twelfth Judicial District, Hill County, granting summary judgment to Tilleman Motor Company (TMC) in Sterrett's wrongful discharge action. We affirm. The sole issue on appeal is whether the District Court properly granted summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     TMC is a new and used car dealer located in Havre. TMC hired Sterrett as a body shop manager in January of 1994. On April 3, 2003, Neal Clayborn and his wife, Audrey Herrig, purchased a used 2002 Buick Rendezvous from TMC for $21,948.00. They soon discovered that the front doors did not open or shut properly. Sterrett attempted to remedy the problem on several occasions, but his efforts were unsuccessful. On one of these occasions, Sterrett encountered Herrig and told her that the Buick was "a piece of shit." Because of this comment, Clayborn and Herrig became concerned that the Buick could be a "lemon."

¶4     Experiencing ongoing problems with the Buick's doors, Clayborn and Herrig eventually took the vehicle back to TMC with the intention of rescinding the sale. After

2

some discussion, however, they entered into a new contract with TMC whereby the purchase price was reduced by approximately $4,750.

¶5    Mike Tilleman (Tilleman), the president of TMC, discharged Sterrett on April 16, 2003. In doing so, Tilleman signed a "Separation Report" which notes that Sterrett denigrated the Buick in front of Herrig. Additionally, this document states:

> Doug Sterrett was previously, verbally warned with the same type of comments to a customer regarding the trunk latch on a Chevy Cavalier.
> These type of comments are not only costly to the dealership and it's employees, but also harms our reputation with our customers, as well as not providing the customer care and service that we must give as a priority in our jobs. This type of poor judgment and offensive behavior is not acceptable from a manager at Tilleman Motor Company.

Finally, Tilleman indicated in the report that Sterrett was being discharged for willfully neglecting TMC's interests.

¶6    Sterrett filed a complaint in the District Court on November 19, 2003, alleging that TMC had not discharged him for good cause. TMC moved for summary judgment, which the District Court granted. Sterrett now appeals.

## DISCUSSION

¶7    We have determined that it is appropriate to decide this case with a memorandum opinion pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003.

¶8    This Court reviews a district court's grant or denial of summary judgment *de novo*. *Cole v. Valley Ice Garden, L.L.C.*, 2005 MT 115, ¶ 16, 327 Mont. 99, ¶ 16, 113 P.3d 275, ¶ 16. We use the same standards used by the trial court: first, whether issues of material fact

3

exist and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; *Cole*, ¶ 16.

¶9 A discharge from employment is wrongful if it is not for good cause. Section 39-2-904(1)(b), MCA. "Good cause" is defined as "reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason." Section 39-2-903(5), MCA. A "legitimate business reason" is a reason that is neither false, whimsical, arbitrary or capricious, and it must have some logical relation to the needs of the business. *Buck v. Billings Mont. Chevrolet, Inc.* (1991), 248 Mont. 276, 281-82, 811 P.2d 537, 540.

¶10 On appeal, Sterrett asserts that the District Court's Order granting summary judgment improperly states that Clayborn did not seek to return the Buick until after Sterrett made his denigrating comment to Herrig. In fact, Sterrett asserts, Clayborn sought to return the vehicle simply because the doors were not functioning properly. Pursuant to these assertions, Sterrett contends that a jury should resolve the factual issue of Clayborn's motivation for seeking to return the vehicle. However, the legitimacy of TMC's reasons for discharging Sterrett does not depend on Clayborn's motivation for seeking to return the vehicle.

¶11 We conclude that TMC's reasons for discharging Sterrett, as stated in the Separation Report, constitute legitimate business reasons. We further conclude that Sterrett has failed to demonstrate the existence of any issue of material fact regarding these reasons. Thus, TMC was entitled to judgment as a matter of law.

¶12 We hold that the District Court properly granted summary judgment.

4

¶13    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS